IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS ELROY LOVELESS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-25-00567-JD |
| | ) |
| STATE OF OKLAHOMA, | ) |
| | ) |
| Respondent. | ) |

# ORDER

Before the Court is the Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Amanda L. Maxfield. [Doc. No. 9]. The R. & R. recommends dismissing without prejudice Petitioner Chris Elroy Loveless's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 for failure to exhaust state court remedies. R. & R. at 1, 4–6. As discussed below, because Loveless failed to object, the Court accepts the R. & R.

Loveless, appearing pro se, filed the petition challenging his convictions and sentences in Grady County District Court, Oklahoma, Case No. CF-2022-165, for trafficking in illegal drugs and possession with intent to distribute a controlled dangerous substance, and in Grady County District Court, Oklahoma, Case No. CF-2024-89, for witness intimidation. [Doc. No. 1]. He presents twenty-three grounds for relief, made throughout twelve "propositions." R. & R. at 3; *see also* [Doc. No. 1 at 5]. A federal court cannot grant a state habeas petition unless the petition satisfies the procedural prerequisites of 28 U.S.C. § 2254(b), including that the petitioner has exhausted his state

court remedies by presenting "the substance" of the claims to the state's highest court. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996); *Bear v. Boone*, 173 F.3d 782, 785 (10th Cir. 1999) ("In order to fully exhaust state court remedies, a state's highest court must have had the opportunity to review the claim raised in the federal habeas petition."). The petitioner "bears the burden of proving that he exhausted state court remedies or that exhaustion would have been futile." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (citations omitted).

The R. & R. determined that Loveless had failed to demonstrate that he had exhausted his state remedies for each of his claims or that exhaustion would have been futile. *See* R. & R. at 4–5; *see also id.* at 5 n.6 (explaining that "even if Petitioner completes the appellate process, that does not necessarily mean that each of the numerous claims presented in this action would have been presented to the [Oklahoma Court of Criminal Appeals]"). Judge Maxfield therefore recommended that the Court dismiss the petition without prejudice. *Id.* at 6. The R. & R. advised Loveless of his right to object by July 29, 2025, and warned that failure to object timely would waive the right to appellate review of the factual and legal issues in the R. & R. *Id.*

Loveless did not file an objection or request an extension of time to do so.[1] "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[1] "Papers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4. *See also* Fed. R. Civ. P. 5(b)(2)(C).

Loveless had an opportunity to be heard on the way Judge Maxfield resolved his petition by filing a timely objection to the R. & R. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (unpublished) (explaining that there are no due process concerns when the "petitioner had an opportunity to address the matter by objecting to the magistrate judge's recommendation prior to the district court's adoption thereof"). By not objecting to a magistrate judge's report and recommendation, the petitioner waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections).

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review; these factors include: "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* at 1120.

3

Here, the R. & R. sufficiently informed Loveless of both the time period for objecting and the consequences of failing to object. *See* R. & R. at 6. The interests of justice do not require review because the R. & R. was mailed to Loveless's address of record as of July 8, 2025, and the Court has no evidence of Loveless's effort to comply or an explanation for his failure to comply. Thus, the firm waiver rule applies, and Loveless has waived his right to challenge the R. & R. The Court therefore accepts the R. & R. and adopts it in full.

In conclusion, the Court ACCEPTS the R. & R. [Doc. No. 9] and DISMISSES the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 1] without prejudice for failure to exhaust state remedies. *See Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006) ("Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies.").[2] A separate judgment will follow.

IT IS SO ORDERED this 9th day of March 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] Loveless waived his right to appeal by failing to object to the R. & R., and the firm waiver rules applies. Alternatively, the Court declines to issue a certificate of appealability.